UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-2656-M |
| | § | |
| DEBORAH D. DOWNEY AND | § | |
| CIMARRON TRUCKING, INC., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Abstain and Remand (the "Motion") [Docket Entry #4]. For the reasons explained below, the Motion is **DENIED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

On June 1, 2012, Plaintiff Jose Salazar ("Plaintiff") filed suit in state court against Defendants Deborah D. Downey ("Downey") and Cimarron Trucking, Inc. ("CTI"), alleging that Defendants' negligence was the proximate cause of the personal injuries that he sustained in an automobile accident.  Defs.' Notice of Removal, Ex. C.  Specifically, Plaintiff's Petition alleges that on or about March 20, 2011, he was involved in an automobile accident with Downey, the driver of a tractor, an 18-wheeler commercial vehicle, owned by CTI.  Plaintiff asserts a cause of action against Downey, as well as CTI, on the theory that CTI negligently entrusted its vehicle to Downey and is also vicariously liable for Downey's negligence.  Defs.' Notice of Removal, Ex. C.

On August 3, 2012, Defendants Downey and CTI timely removed this case to federal court, claiming diversity of citizenship under 28 U.S.C. § 1332(a).  On September 4, 2012,

following removal, Plaintiff moved to remand the case to state court, challenging the propriety of the removal on two grounds: (1) there is no diversity jurisdiction because the requisite amount-in-controversy is not satisfied; and (2) there is no federal question jurisdiction under 28 U.S.C. § 1331. The Court agrees that no federal question is implicated in this case. Thus, the Court focuses solely on the jurisdictional issue of whether the amount-in-controversy requirement under 28 U.S.C. § 1332(a) is met.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(b). Congress has given federal district courts subject matter jurisdiction over civil matters when the amount in controversy exceeds $75,000, and when the parties are citizens of different states. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Ser v. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

Ordinarily, a federal court determines the amount in controversy by looking at the amount claimed in the state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). However, plaintiffs filing suit in Texas state courts are prohibited from specifying the exact dollar amount of their damages, and are instead instructed in all claims for unliquidated damages only to state that the damages sought are within the jurisdictional limits of the court. *Beasley v. Liberty Ins. Corp.,* No. 3:10-cv-631-M, 2010 WL 2697151, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) (citing Texas Rule of Civ. P. 47(b)). *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (noting that Texas, like many other states, has enacted a rule that strictly prohibits plaintiffs from pleading for specific amounts in cases of unliquidated

---

[1] The Court takes notice that the parties do not dispute that there is complete diversity of citizenship between the parties, as required by 28 U.S.C. § 1332(a).

damages).

When the petition does not state the dollar amount of damages sought, the defendant must prove by a preponderance of the evidence that the damages claimed exceed $75,000. *De Aguilar*, 47 F.3d at 1411. A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways. First, the defendant may show that it is "facially apparent" that the amount in controversy exceeds $75,000, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount. *Beasley*, 2010 WL 2697151, at *2 (citing *De Aguilar,* 47 F.3d at 1411). Second, if the amount in controversy is not facially apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum. *Id.* (citing *De Aguilar,* 47 F.3d at 1411).

Once a defendant has met this burden, the motion to remand will be denied, unless the plaintiff can show by a legal certainty that he will not recover more than $75,000. *Manguno,* 276 F.3d at 724. The Fifth Circuit has suggested that a plaintiff may show legal certainty in various ways, including by filing a binding stipulation or affidavit with its complaint, or by identifying a state statute, that would limit its damages to an amount that does not exceed $75,000. *Id.* (citing *De Aguilar,* 47 F.3d at 1412).

### III.  ANALYSIS

In order to sustain removal of this action, Defendants have the burden to show that this Court has proper diversity jurisdiction, which is determined at the time of removal. *See Shearer*, 516 F.3d at 278. Because Plaintiff did not directly allege quantified damages in excess of $75,000, Defendants must demonstrate by a preponderance of the evidence that the amount in controversy in fact exceeds $75,000. *See De Aguilar*, 47 F.3d at 1411. The Court's inquiry is limited to whether it is facially apparent from Plaintiff's Petition that the amount-in-controversy

requirement is met, as Defendants have not produced any summary-judgment type evidence in response to Plaintiff's Motion.[2] *See id.*

In Plaintiff's Petition, Plaintiff seeks damages for present and future medical expenses, and claims that he has already incurred medical expenses "in sums *exceeding* $50,000.00." Defs.' Notice of Removal, Ex. C (emphasis added). Plaintiff also states that he "will incur *additional* reasonable expenses for necessary medical care and attention because of his injuries." Defs.' Notice of Removal, Ex. C (emphasis added). Moreover, Plaintiff also seeks monetary damages for the following categories: (1) past and future physical pain and suffering and mental anguish; (2) loss of wages and earning capacity; (3) physical and wage impairment; (4) pre and post judgment interest at the maximum legal rate; (5) costs of court; and (6) exemplary damages.[3] Defs.' Notice of Removal, Ex. C.

In determining the amount in controversy, the Court can consider items for which Defendants can be liable under state law, including attorney's fees, penalties, statutory damages, and punitive damages. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284–85 (5th Cir. 2001) (concluding that punitive damages may properly be considered in determining whether the amount in controversy exceeds $75,000). Here, the dollar amounts in Plaintiff's Petition plainly indicate that it would be more likely than not that Plaintiff's damages would exceed $75,000 in the event of a favorable verdict. *See De Aguilar*, 47 F.3d at 1411. The Petition states that Plaintiff has already incurred medical expenses ***exceeding*** $50,000 and that such expenses are ***continuing***. Defs.' Notice of Removal, Ex. C. It is possible that Plaintiff's medical expenses alone equaled

---

[2] To date, Defendants have not filed a response to Plaintiff's Motion to Remand. Consequently, the Court looks to Defendants' Notice of Removal to ascertain Defendants' position as to whether this Court has diversity jurisdiction.
[3] Chapter 41 of the Texas Civil Practice and Remedies Code includes punitive damages in the definition of "exemplary damages." Tex. Civ. Prac. & Rem. Code. 41.001.

or exceeded $75,000 at the time of removal.  But Plaintiff seeks more than just present and future medical expenses.  Plaintiff also seeks other categories of compensatory damages, including loss earnings and exemplary damages, and to exceed the jurisdictional amount, such potential awards must exceed at most $25,000 more than the minimum $50,000 in medical expenses Plaintiff pleads he incurred.  The amount of Plaintiff's medical expenses strongly suggests that Plaintiff suffered serious bodily injuries in the subject collision.  Moreover, Plaintiff's Petition states that Plaintiff's "ability to attend to customary household duties and occupations will continue to be impaired far into the future, if not for the balance of his natural life."[4]  Defs.' Notice of Removal, Ex. C.  In light of the serious nature of the injuries Plaintiff claims, along with the additional damages Plaintiff seeks, the Court concludes that it is facially apparent from the Petition that the amount in controversy more likely than not exceeds the statutory $75,000.

Plaintiff has not established with legal certainty, as required, that he could not recover more than $75,000 in this case.  *See Manguno,* 276 F.3d at 724.  He has not filed a stipulation or provided any additional information limiting the amount of damages he seeks.  *See id.*  Thus, the Court concludes that Plaintiff's Petition meets the amount-in-controversy requirement.

### IV.  CONCLUSION

Because the parties are completely diverse and the amount in controversy exceeds $75,000,  removal to this Court was proper.  The Court, therefore, **DENIES** Plaintiff's Motion to Remand.

**SO ORDERED**.

Dated: November 5, 2012.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[4] Plaintiff's Petition does not provide any specific factual information as to the nature of Plaintiff's injuries.